## BROWN *v.* ROLLINS.

The time of the debtor's absence in California, which continued without interruption for many years, is to be excluded in the computation of the time limited for the commencement of personal actions; although his wife and child continued to reside on his homestead farm in this State.

ASSUMPSIT. Pleas, the general issue, and statute of limitations. It is agreed that this action was commenced by the plaintiff to

secure the payment of the amount due on two notes annexed to the case. The plaintiff has had no other suit against the said defendant for the last ten years. The consideration of said notes was money loaned by the plaintiff to the defendant, and has not been paid except as appears by indorsement on said notes. At the date of the notes the defendant lived in Wilmot, on his homestead farm, with his wife and child; the same premises now attached in this suit. Said homestead farm has been during all the time, from the date of said notes up to the present, owned by the defendant, and occupied by his wife and child. A short time after the date of one of the notes the defendant left Wilmot for California, has remained in California to this time, and is now there. The defendant has written the plaintiff since this suit was commenced, a letter annexed to the case. The plaintiff, after receiving the defendant's said letter, soon sent the defendant a letter, stating the amount he claimed to be due on said notes, but has received no answer.

*Shirley*, for the plaintiff.

*W. W. Flanders*, for the defendant.

BELLOWS, J. The doctrine of *Ward* v. *Cole*, 32 N. H. 452, is, that absence from the State to prevent the running of the statute of limitations, must be such that process could not be served on the debtor, so that judgment could be obtained, to bind him personally in any jurisdiction; and this doctrine is affirmed in *Ward* v. *Howe*, 38 N. H. 35. And this doctrine was applied when the debtor's absence was temporary, on a voyage with his family, and expecting to be gone three years, but leaving property in this State.

The same general doctrine is found in *Gilman* v. *Cutts*, 23 N. H. 377, and the same case in 27 N. H. 348. In the latter case, where the debtor worked in a neighboring State during the summer seasons, but returned once a fortnight to his family in this State, where they kept house, and staid from Saturday night until Monday morning, and sometimes came oftener; it was held that legal service could have been made upon him by leaving a copy at his place of abode in this State; and that therefore such absence should not be excluded.

In the case before us, the debtor went to California, leaving his wife and child upon his homestead farm in this State, and has remained there, without returning at all, for many years; making a case much like that of *Ward* v. *Cole*, with the single exception that in the latter the debtor took his family with him, and therefore ceased, for the time, to have any place of abode for himself or his family in this State.

The question then is, whether, during the debtor's absence in California, he could be regarded as having his last and usual place of abode in New-Hampshire, so that service could have been made upon him by leaving there a copy of the writ.

Upon a careful consideration of this question we think he had no such place of abode in this State; although, if his intention to

return was shown, his legal domicil would have been here, yet his actual place of abode, in the meaning of the statute, must be regarded as in California, where he lived without interruption for the last twelve years.

In *Gilman* v. *Cutts*, 27 N. H. 348, stress is put upon the fact that the debtor returned once in a week or two to his home in Exeter; and we think very properly, because he was clearly in a position to receive notice of the suit, from the copy left at his house, although left at the last moment required for the service; and the court in that case waive the consideration of the question arising upon the continued absence of the debtor in Ohio for three or four years together.

Such an absence we think clearly comes within the policy of this statute provision, and within the principle of the adjudged cases, and the distinction between such a case and that of *Gilman* v. *Cutts* is strongly marked, and is in accordance, we conceive, with the practical construction given to the law.

There must, therefore, be

*Judgment for the plaintiff.*